Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ISLAND PORTFOLIO SERVICES, LLC<br><br>Apelada<br><br>v.<br><br>PATRICIA CORCINO PÉREZ<br><br>Apelante | KLAN202500119 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Sobre:<br>Cobro de Dinero<br><br>Caso Núm.:<br>CG2023CV03912 |

Panel Especial integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2025.

Comparece ante nos Patricia Corcino Pérez (en adelante, parte apelante o Corcino Pérez), mediante un recurso de apelación y nos solicita la revisión de la *Sentencia Sumaria* emitida el 13 de enero de 2025, notificada el 14 de enero de 2025, por el Tribunal de Primera Instancia, Sala de Caguas. Mediante la misma, el Foro Primario ordenó a la parte apelante a cumplir con el pago de lo adeudado.

Por los fundamentos que expondremos a continuación, *confirmamos* la *Sentencia Sumaria* apelada.

**I**

El 15 de noviembre de 2023 Island Portfolio Services, LLC (en adelante, Island Portfolio o parte apelada), como agente gestor de Fairway Acquisitions Fund, LLC (en adelante, Fairway Acquisitions), presentó una demanda por cobro de dinero e incumplimiento de contrato en contra de la parte apelante.[1] Surge de la demanda que la señora Corcino Pérez suscribió con Popular Auto, LLC (en adelante, Popular Auto o acreedor original) un *Contrato de*

---

[1] Apéndice del recurso, págs. 1-3.

Número Identificador

SEN2025 _____

*Arrendamiento de Vehículos.* Se explicó que, posteriormente, Fairway Acquisitions se subrogó en los derechos del acreedor original al adquirir de este, mediante el documento intitulado *Bill of Sale and Assignment of Accounts,*[2] los derechos, títulos e intereses sobre la cuenta de la señora Corcino Pérez. La parte apelada alegó que, conforme a las cláusulas del referido contrato, el término para pagar lo adeudado se aceleró. Por ello, adujo que la señora Corcino Pérez debía dieciocho mil ciento noventa y dos dólares con cuarenta y cinco centavos ($18,192.45).

En el pliego, la parte apelada señaló que había hecho múltiples requerimientos a la señora Corcino Pérez, y esta no había satisfecho lo adeudado. Por ello, la parte apelada le solicitó al Tribunal de Primera Instancia que ordenara a la parte apelante a saldar la deuda, junto con el pago de intereses legales, costas, gastos y honorarios de abogados.

Luego de varios trámites procesales, el 7 de febrero de 2024, la parte apelante presentó una *Solicitud de Desestimación por Falta de Legitimación.*[3] En la misma, la parte apelante alegó que Island Portfolio no tenía legitimación activa para presentar la acción de epígrafe, dado que no mostró documentación que acreditara que poseía una autorización previa de Fairway Acquisitions para poder entablar la causa de acción en su nombre. Adujo que, en todo caso, quien podría demandar a la señora Corcino Pérez era Fairway Acquisitions por ser la entidad que se subrogó en las obligaciones del acreedor original. No obstante, alegó que Fairway Acquisitions tampoco tenía legitimación activa, ya que de la demanda no surgía que la cuenta de la señora Corcino Pérez estuviese dentro de las que le fueron cedidas por Popular Auto.

---

[2] *Íd.,* págs. 53-54.
[3] *Íd.,* págs. 6-13.

Por su parte, el 27 de febrero de 2024, la parte apelada presentó una *Moción para unirse a Representación Legal y Oposición a Solicitud de Desestimación por Falta de Legitimación.*[4] En la misma, Island Portfolio señaló que, al adquirir las cuentas de Popular Auto por medio del *Bill of Sale and Assignment Accounts,* Fairway Acquisitions se convirtió en el tenedor y actual dueño de la cuenta de la parte apelante. Asimismo, explicó que era un gestor de Fairway Acquisitions y que en virtud de un *Power of Attorney*, el cual fue anejado a su escrito, tenía autorización de la compañía para presentar la reclamación de epígrafe. Por lo cual, adujo que poseía legitimación activa para demandar a la señora Corcino Pérez. Luego de considerar los planteamientos de las partes, el 1 de marzo de 2024, el Foro apelado declaró *No Ha Lugar* a la *Solicitud de Desestimación.*[5]

Tras varios incidentes procesales, el 20 de octubre de 2024, la parte apelada presentó una *Solicitud de Sentencia Sumaria.*[6] En la misma, alegó que la señora Corcino Pérez suscribió un *Contrato de Arrendamiento de Vehículos* con Popular Auto, el cual fue adquirido por Fairway Acquisitions por medio del *Bill of Sale and Assignment of Accounts.* Asimismo, esbozó que la parte apelante suscribió una *Entrega Voluntaria de Unidad en Arrendamiento*, mediante el cual esta se comprometió a sufragar la diferencia del pago, luego de que se vendiera o rearrendara el vehículo entregado. Por ello, Popular Auto le envió a esta una *Carta de Deficiencia*, indicando que el balance que le correspondía sufragar ascendía a dieciocho mil ciento noventa y dos dólares con cuarenta y cinco centavos ($18,192.45). Al incumplir con el pago, Island Portfolio le envió una carta de *Aviso de Cobro*. Sin embargo, la parte apelada

---

[4] SUMAC, Entrada Núm. 15.
[5] SUMAC, Entrada Núm. 17.
[6] *Íd.*, págs. 34-43.

alegó que la señora Corcino Pérez no pagó el referido balance. Igualmente, señaló que le proveyó a la parte apelante un *Requerimiento de Admisiones*, y que la misma no respondió, por lo que los hechos esbozados quedaron admitidos. Al considerar que no existía controversia real y sustancial de hechos, la parte apelada solicitó que se dictara sentencia a su favor por la cantidad reclamada, más las costas, los honorarios de abogados y los intereses al tipo legal.[7]

Más adelante, el 14 de noviembre de 2024, la parte apelante presentó su *Oposición a Solicitud de Sentencia Sumaria.*[8] En síntesis, la señora Corcino Pérez reiteró que no se habían presentado documentos demostrativos que evidenciaran que la cuenta de la parte apelante, había sido cedida a Fairway Acquisitions, y por consiguiente, Island Portfolio tampoco tenía legitimación activa para demandarla. En adición, planteó que el documento *Bill of Sale and Assignment Accounts,* del cual se alude en la demanda, no hacía referencia directa a la cuenta de la parte apelante. Por lo cual, estimó que, al haber controversia de hechos, el Foro Primario debía celebrar un juicio en su fondo. La parte apelante no anejó prueba documental con su oposición para contrarrestar los hechos propuestos en la solicitud de sentencia sumaria presentada por la parte apelada.

Luego de evaluados los escritos de las partes, el 13 de enero de 2025, el Tribunal de Primera Instancia emitió la *Sentencia*

---

[7] Junto a la *Solicitud de Sentencia Sumaria*, la parte apelada anejó los siguientes documentos: (1) Contrato de Arrendamiento de Vehículos; (2) Fotos del vehículo Porshe en controversia; (3) Recibo de Entrega y Aceptación y Certificación del Arrendatario; (4) Relevo de Responsabilidad, Pago de Arbitrios y Título; (5) Entrega Voluntaria de Unidad en Arrendamiento; (6) Carta de Deficiencia enviada el 11 de julio de 2017 a la señora Corcino Pérez; (7) Bill of Sale and Assignment of Accounts; (8) Special Power of Attorney; (9) Estado de Cuenta de la señora Corcino Pérez; (10) Licencia de Island Portfolio para dedicarse al negocio de agencias de cobro en Puerto Rico; (11) Aviso de Cobro enviado el 31 de agosto de 2023 a la señora Corcino Pérez; (12) Requerimiento de Admisiones enviado el 26 de abril de 2024 a la señora Corcino Pérez; y (13) Declaración Jurada suscrita por Kelvin Rosa Vélez, representante de Island Portfolio.

[8] Apéndice del recurso, págs. 58-69.

*Sumaria* de la cual aquí se apela.[9] En su dictamen, el Foro *a quo* concluyó que no existía una controversia real y sustancial de hechos que imposibilitara la resolución sumaria del caso. De las determinaciones de hechos de esta, surge que la parte apelante suscribió un *Contrato de Arrendamiento de Vehículos* con Popular Auto, específicamente para un automóvil de la marca Porsche. Se indicó que, al recibir el vehículo e incumplir con los pagos estipulados en el contrato, la parte apelante suscribió un documento intitulado *Entrega Voluntaria de Unidad en Arrendamiento,* mediante el cual reconoció que Popular Auto podría disponer del vehículo mediante venta o rearrendamiento, y que la parte apelante sería responsable por cualquier diferencia entre el producto de dicha venta y el balance adeudado. Esbozó que, por esta razón, Popular Auto le notificó a la parte apelante mediante una *Carta de Deficiencia* que, luego de aplicar las multas, el producto de la venta y el pago del seguro, le correspondía a la señora Corcino Pérez sufragar el balance remanente de dieciocho mil ciento noventa y dos dólares con cuarenta y cinco centavos ($18,192.45). Igualmente, surgió de las determinaciones de hecho que Fairway Acquisitions era el acreedor actual de la deuda de la parte apelante, y que esta contrató los servicios de Island Portfolio para gestionar el cobro de la misma.

Basado en las anteriores determinaciones de hechos, el Tribunal de Primera Instancia resolvió que no albergaba duda sobre que la parte apelante suscribió un contrato con el acreedor original, y que, a pesar de haber entregado el vehículo en cuestión, aún permanecía una deuda líquida, vencida y exigible ascendente a dieciocho mil ciento noventa y dos dólares con cuarenta y cinco centavos ($18,192.45), a favor de Fairway Acquisitions. Por ello,

---

[9] *Íd.*, págs. 73-78.

declaró *Con Lugar* la solicitud de sentencia sumaria y ordenó a la parte apelante a satisfacer el pago de la deuda, más las costas, honorarios de abogado ascendentes a mil ochocientos veinte dólares ($1,820.00), y los intereses legales.

Inconforme, el 13 de febrero de 2025, la parte apelante presentó su recurso ante nos, en el cual arguyó la comisión de los siguientes señalamientos de error:

> Erró el Honorable Tribunal al emitir una Sentencia Sumaria a favor de una parte que adolece de legitimación activa, por no existir en los autos documentos acreditativos de su capacidad para demandar ni del detalle de la deuda procurada.

> Erró el Honorable Tribunal de Instancia al emitir Sentencia Sumaria a favor de la parte demandante aún existiendo controversia material sobre la cesión de la deuda y la composición de la misma.

Por su parte, el 17 de marzo de 2025, la parte apelada presentó su *Oposición a Alegato Apelativo*. Entre otras cosas, alegó que, al oponerse a la *Sentencia Sumaria,* la parte apelante no acompañó prueba documental alguna para controvertir los hechos propuestos por la parte apelada en su petición. Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes, procedemos a expresarnos.

## II

### A

La Regla 36.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1, permite a una parte que solicite un remedio presentar una moción para que se dicte sentencia sumaria a su favor sobre la totalidad o cualquier parte de esta. Así, el tribunal podrá dictar sentencia sumaria para resolver cualquier controversia que sea separable de las controversias restantes. 32 LPRA Ap. V, R. 36.1; *Oriental Bank v. Caballero García,* 212 DPR 671, 678 (2023); *Camaleglo v. Dorado Wings, Inc.,* 118 DPR 20, 25 (1986). Este mecanismo procesal es un remedio de carácter

extraordinario y discrecional. Su fin es favorecer la más pronta y justa solución de un pleito que carece de controversias genuinas sobre los hechos materiales y esenciales de la causa de que trate. *Consejo Tit. V. Rocca Dev. Corp., et als.,* 2025 TSPR 6, 215 DPR ___ (2025); *Segarra Rivera v. Int'l Shipping et al.*, 208 DPR 964, 979 (2022); *Rodríguez García v. UCA,* 200 DPR 929, 940 (2018); *Roldán Flores v. M. Cuebas et al.,* 199 DPR 664, 676 (2018). Un hecho material es "aquel que puede alterar el resultado de la reclamación de acuerdo al derecho aplicable". *Segarra Rivera v. Int'l Shipping et al.,* supra, pág. 980. De este modo, y debido a la ausencia de criterios que indiquen la existencia de una disputa real en el asunto, el juzgador de hechos puede disponer del mismo sin la necesidad de celebrar un juicio en su fondo. *Universal Ins. y otro v. ELA y otros,* 211 DPR 455, 471 (2023); *León Torres v. Rivera Lebrón,* 204 DPR 20, 41 (2020); *Luan Invest. Corp. v. Rexach Const. Co.,* 152 DPR 652, 665 (2000).

La doctrina considera que el uso apropiado de este recurso contribuye a descongestionar los calendarios judiciales y fomenta así los principios de celeridad y economía procesal que gobiernan nuestro ordenamiento jurídico. *Segarra Rivera v. Int'l Shipping et al.,* supra, págs. 979-980*; Vera v. Dr. Bravo,* 161 DPR 308, 331-332 (2004). Por tanto, la sentencia sumaria permite la pronta adjudicación de las controversias cuando una audiencia formal resulta en una dilación innecesaria de la tarea judicial. Así pues, esta solo debe ser utilizada en casos claros, cuando el tribunal tenga ante sí la verdad de todos los hechos esenciales alegados en la demanda y falte solo disponer de las controversias de derecho existentes. *Consejo Tit. V. Rocca Dev. Corp., et als.,* supra; *Roldán Flores v. M. Cuebas et al.,* supra, pág. 676; *Vera v. Dr. Bravo,* supra, pág. 334; *PFZ Props., Inc. v. Gen. Acc. Ins. Co.,* 136 DPR 881, 911-912 (1994).

La parte promovente de una solicitud de sentencia sumaria está obligada a establecer mediante prueba admisible en evidencia la inexistencia de una controversia real respecto a los hechos materiales y esenciales de la acción. Además, deberá demostrar que, a la luz del derecho sustantivo, amerita que se dicte sentencia a su favor. *Soto y otros v. Sky Caterers,* 2025 TSPR 3, 215 DPR ___ (2025); *Rodríguez García v. UCA,* supra, pág. 941; *Vera v. Dr. Bravo,* supra, pág. 333. Para que tal sea el resultado, viene llamado a desglosar en párrafos numerados los hechos respecto a los cuales aduce que no existe disputa alguna. Una vez expuestos, debe especificar la página o párrafo de la declaración jurada u otra prueba admisible que sirven de apoyo a su contención. 32 LPRA Ap. V, R. 36.3(a)(4); *Roldán Flores v. M. Cuebas, et al.*, supra, pág. 677*; SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 432 (2013).

Para derrotar una moción de sentencia sumaria, la parte que se opone a la misma viene llamada a presentar declaraciones juradas o documentos que controviertan las alegaciones pertinentes. 32 LPRA Ap. V, R. 36.3; *BPPR v. Cable Media,* 2025 TSPR 1, 215 DPR ___ (2025). Por ello, tiene la obligación de exponer de forma detallada aquellos hechos relacionados al asunto que evidencien la existencia de una controversia real que deba ventilarse en un juicio plenario. *Oriental Bank v. Caballero García,* supra, pág. 680; *Roldán Flores v. M. Cuebas, et al.*, supra, pág. 677*; SLG Zapata-Rivera v. J.F. Montalvo,* supra, pág. 434; *Rodríguez de Oller v. T.O.L.I.C.,* 171 DPR 293, 311 (2007). En esta tarea, tiene el deber de citar específicamente los párrafos, según enumerados por el promovente, sobre los cuales estima que existe una genuina controversia y, para cada uno de los que pretende controvertir, detallar de manera precisa la evidencia que sostiene su impugnación. Regla 36.3(b)(2) de Procedimiento Civil, *supra*; *SLG*

*Zapata-Rivera v. J.F. Montalvo,* supra, pág. 433. "Si el oponente no controvierte los hechos propuestos de la forma en la que lo exige la Regla 36.3 de Procedimiento Civil, *supra,* se podrán considerar como admitidos y se dictará Sentencia Sumaria en su contra, si procede". *Roldán Flores v. M. Cuebas, et al.*, supra, pág. 677.

Cuando de las propias alegaciones, admisiones o declaraciones juradas surge una controversia *bona fide* de hechos, la moción de sentencia sumaria resulta ser improcedente. Ante ello, el tribunal competente debe abstenerse de dictar sentencia sumaria en el caso y cualquier duda en su ánimo lo debe llevar a resolver en contra de dicha solicitud. *Vera v. Dr. Bravo,* supra, págs. 333-334*; Mgmt. Adm. Servs., Corp. v. ELA,* 152 DPR 599, 610 (2000). Al evaluar la solicitud de sentencia sumaria, el tribunal debe cerciorarse de la total inexistencia de una genuina controversia de hechos. *Rodríguez García v. UCA,* supra, pág. 941; *Roig Com. Bank v. Rosario Cirino,* 126 DPR 613, 617-618 (1990). Lo anterior responde a que todo litigante tiene derecho a un juicio en su fondo cuando existe la más mínima duda sobre la certeza de los hechos materiales y esenciales de la reclamación que se atienda. *Sucn. Maldonado v. Sucn. Maldonado,* 166 DPR 154, 185 (2005). Por ese motivo, previo a utilizar dicho mecanismo, el tribunal deberá analizar los documentos que acompañan la correspondiente solicitud junto con aquellos sometidos por la parte que se opone a la misma y los otros documentos que obren en el expediente del tribunal. Iguales criterios debe considerar un tribunal apelativo al ejercer su función revisora respecto a la evaluación de un dictamen del Tribunal de Primera Instancia emitido sumariamente. *Segarra Rivera v. Int'l Shipping et al.,* supra, págs. 981-982; *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 114 (2015); *Vera v. Dr. Bravo,* supra, pág. 334.

En *Meléndez González et al. v. M. Cuebas,* supra, págs. 118-119, el Tribunal Supremo de Puerto Rico estableció el estándar específico a emplearse por este foro apelativo intermedio al revisar las determinaciones del foro primario con relación a los dictámenes de sentencias sumarias. A tal fin, se expresó como sigue:

> **Primero,** reafirmamos lo que establecimos en *Vera v. Dr. Bravo,* supra, a saber: el Tribunal de Apelaciones se encuentra en la misma posición del Tribunal de Primera Instancia al momento de revisar Solicitudes de Sentencia Sumaria. En ese sentido, está regido por la Regla 36 de Procedimiento Civil, *supra,* y aplicará los mismos criterios que esa regla y la jurisprudencia le exigen al foro primario. Obviamente, el foro apelativo intermedio estará limitado en el sentido de que no puede tomar en consideración evidencia que las partes no presentaron ante el Tribunal de Primera Instancia y no puede adjudicar los hechos materiales en controversia, ya que ello le compete al foro primario luego de celebrado un juicio en su fondo. La revisión del Tribunal de Apelaciones es una *de novo* y debe examinar el expediente de la manera más favorable a favor de la parte que se opuso a la Moción de Sentencia Sumaria en el foro primario, llevando a cabo todas las inferencias permisibles a su favor.

> **Segundo,** por estar en la misma posición que el foro primario, el Tribunal de Apelaciones debe revisar que tanto la Moción de Sentencia Sumaria como su Oposición cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra,* y discutidos en *SLG Zapata-Rivera v. JF Montalvo,* supra.

> **Tercero,** en el caso de revisión de una Sentencia dictada sumariamente, el Tribunal de Apelaciones debe revisar si en realidad existen hechos materiales en controversia. De haberlos, el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos. Esta determinación puede hacerse en la Sentencia que disponga del caso y puede hacer referencia al listado numerado de hechos incontrovertidos que emitió el foro primario en su Sentencia.

> **Cuarto,** y por último, de encontrar que los hechos materiales realmente están incontrovertidos, el foro apelativo intermedio procederá entonces a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.

> *Consejo Tit. V. Rocca Dev. Corp., et als.,* supra; *Meléndez González et al. v. M. Cuebas,* supra, págs. 118-119.

**III**

En el presente recurso, la parte apelante aduce que erró el Tribunal de Primera Instancia al dictar *Sentencia Sumaria* a favor de la parte apelada sin esta tener legitimación activa para demandar. Asimismo, plantea que el Foro Primario incidió al resolver la demanda de epígrafe sumariamente, existiendo controversia sustancial de hechos. Habiendo examinado los referidos señalamientos, a la luz de los hechos establecidos y el derecho aplicable, resolvemos confirmar la *Sentencia Sumaria* apelada.

Tal cual esbozamos previamente, nuestro ordenamiento jurídico exige que al presentar una moción de sentencia sumaria se cumpla con ciertos requisitos de forma. Asimismo, conforme a la Regla 36.3 de Procedimiento Civil, *supra*, una parte que se oponga a que se resuelva sumariamente la causa de acción debe presentar la prueba documental o las declaraciones juradas que controviertan las alegaciones de la parte proponente de la sentencia sumaria. De este modo, esta tiene el deber de exponer en su oposición que hay una controversia real de hechos que debe atenderse por medio de un juicio en su fondo. Para ello, debe dirigirse en su escrito específicamente a los hechos que entiende que hay controversia, e indicar la evidencia que aduce que impugna las alegaciones de la otra parte. De no cumplir con estos criterios, el Foro Adjudicador podrá dar por admitidas las alegaciones y dictar sentencia sumaria en su contra.

Del expediente que obra en autos, surge que la parte apelada acompañó con su petición de sentencia sumaria múltiples anejos demostrativos de las alegaciones enumeradas en su escrito. En específico, en cuanto a la legitimación activa, los documentos evidencian que, por medio del *Bill of Sale and Assignment of Accounts*, Fairway Acquisitions adquirió de Popular Auto múltiples cuentas, dentro de las cuales se encontraba la de la señora Corcino

Pérez. De este modo, se evidenció que adquirió los derechos para reclamar el pago de la referida deuda. Asimismo, del documento *Special Power of Attorney* se desprende que Fairway Acquisitions contrató los servicios de Island Portfolio para gestionar el cobro de la misma. Lo anterior no fue controvertido por la parte apelante con ningún tipo de prueba.

Destacamos que, luego de una sosegada búsqueda en el expediente ante nos y en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), no surge que la parte apelante haya incluido en su oposición la prueba documental para controvertir ninguna de las alegaciones hechas por Island Portfolio. Por lo cual, es forzosa la conclusión que las mismas no fueron debidamente controvertidas. Siendo así, entendemos que el Foro apelado no erró al dar por admitidos los hechos propuestos de la parte apelada y, consecuentemente, dictar sentencia en contra de la señora Corcino Pérez.

Por tanto, un examen del expediente del caso ante nos lleva a concluir que la *Sentencia Sumaria* que atendemos es una conforme a derecho y a la prueba presentada. De los documentos que nos ocupan, surge claramente una deuda líquida y exigible a favor de la parte apelada. Por ello, tras ejercer nuestras funciones revisoras, coincidimos en que, en este caso, concurren las condiciones procesales para que el Foro Primario dispusiera del mismo sumariamente. Por igual, intimamos que, al resolver la controversia de epígrafe, se aplicó de manera correcta la norma jurídica pertinente a la materia en disputa, por lo cual no impondremos nuestro criterio sobre aquel debidamente ejercido por el Foro Primario.

Por tal razón, y en ausencia de prueba que controvirtiese los hechos propuestos por la parte apelada que establezca lo anterior, procede sostener el dictamen apelado.

**IV**

Por los fundamentos que anteceden, se confirma la *Sentencia Sumaria* apelada.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones